## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAWN TOMLIN, | : | CIVIL ACTION NO. 1:24-CV-628 |
| | : | |
| **Plaintiff** | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| SGT. SMOLKE, *et al.*, | : | |
| | : | |
| **Defendants** | : | |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Plaintiff, Shawn Tomlin, alleges that defendants violated his civil rights by using excessive force during an incident in April 2023. Defendant Smoke has filed a motion for partial dismissal, seeking to dismiss Tomlin's complaint to the extent it alleges a violation of the Fourteenth Amendment. The motion will be granted.

### I.    Factual Background & Procedural History

Tomlin was incarcerated at SCI-Frackville at all relevant times but has since been released from custody. He filed this case on April 1, 2024, and the court received and docketed his complaint on April 11, 2024. (Doc. 1). According to the complaint, he was walking in SCI-Frackville when he was approached by defendant Smolke, a correctional officer in the prison. (Id. at 4). Smolke purportedly grabbed him and slammed him to the ground. (Id.) Tomlin temporarily lost consciousness. (Id.) When he awoke, Smolke's knee was allegedly on his neck. (Id.) Smolke and other unknown officers allegedly twisted Tomlin's arms behind his back, handcuffed him, and then placed him in a restraint chair. (Id.) Smolke and the

other officers then purportedly took Tomlin to a private area of the prison and Smolke applied a stun gun to the right side of Tomlin's body at least six times. (Id.) The complaint alleges that none of the other officers intervened to stop Smolke's actions. (Id.) Tomlin was taken to an outside hospital for treatment of his injuries. (Id.) When he returned to the prison, he was placed in the Restricted Housing Unit ("RHU"). (Id.) The complaint asserts a claim for excessive force in violation of the Eighth and Fourteenth Amendments against Smolke and a claim against the John Doe officers who were present during the incident for failing to intervene to stop Smolke's actions. (Id. at 5). Tomlin seeks damages. (Id.)

Smolke moved to dismiss Tomlin's Fourteenth Amendment claim on June 17, 2024, and filed a brief in support of the motion to dismiss on July 1, 2024. (Docs. 10-11).[1] On July 29, 2024, the court directed Tomlin to respond to the motion no later than August 12, 2024. (Doc. 12). Tomlin did not respond. The motion to dismiss is accordingly ripe for review.

## II.    **Legal Standard**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of complaints that fail to state a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). When ruling on a motion to dismiss under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light

---

[1] Smolke notes that he is not moving to dismiss the Eighth Amendment excessive force claim and that he "anticipates that, following the resolution of the motion to dismiss, this matter will proceed solely on the Eighth Amendment excessive force claim." (Doc. 11 at 1 n.1).

most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). In addition to reviewing the facts contained in the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, [and] undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[]

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

## III.    **Discussion**

Tomlin brings his constitutional claims under 42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. 42 U.S.C. § 1983. The statute is not a source of substantive rights, but serves as a mechanism for vindicating rights otherwise protected by federal law. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a Section 1983 claim, plaintiffs must show a deprivation of a "right secured by the Constitution and the laws of the United States . . . by a person acting under color of state law." Kneipp, 95 F.3d at 1204 (quoting Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995)).

Smolke seeks to dismiss Tomlin's Fourteenth Amendment claim because there are no allegations supporting a due process or equal protection claim and because the claim is duplicative of Tomlin's Eighth Amendment claim to the extent it alleges that Smolke used excessive force. (Doc. 11 at 3-4).

We agree. It appears from Tomlin's complaint that his Fourteenth Amendment claim is coextensive with his Eighth Amendment claim and based on

the same alleged use of excessive force.  (Doc. 1 at 5 ("This cause of action is based on the Eighth and Fourteenth Amendments to the United States Constitution.  The claim is that defendant Smolke employed excessive force for the sole purpose of inflicting unnecessary and wanton pain.")).  "Under the more-specific-provision rule, 'if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process.'"  Porter v. Pa. Dep't of Corrs., 974 F.3d 431, 447 (3d Cir. 2020) (quoting United States v. Lanier, 520 U.S. 259, 272 n.7 (1997)).  Hence, we will dismiss the Fourteenth Amendment claim to the extent it alleges excessive force under the more specific provision rule.  We will also dismiss the claim to the extent it asserts independent claims for violation of Tomlin's due process or equal protection rights because there are no factual allegations supporting such claims in the complaint. We will not grant Tomlin leave to amend the Fourteenth Amendment claim because it fails as a matter of law.

**IV.**   **Conclusion**

We will grant the motion to dismiss and dismiss Tomlin's Fourteenth Amendment claim without leave to amend.  This case shall proceed solely with respect to Tomlin's Eighth Amendment claim.  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     December 5, 2024